## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JUDICIAL WATCH, INC.,<br>425 Third Street, S.W., Suite 800<br>Washington, DC  20024, | ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. |
| v. | ) ) | |
| U.S. DEPARTMENT OF JUSTICE,<br>950 Pennsylvania Ave, N.W.<br>Washington, DC  20530-0001, | ) ) ) ) | |
| Defendant. | ) ) ) | |

## COMPLAINT FOR DECLARATORY AND
## INJUNCTIVE RELIEF

Plaintiff Judicial Watch, Inc. brings this action against Defendant U.S. Department of

Justice to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").

As grounds therefor, Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1.      The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B)

and 28 U.S.C. § 1331.

2.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

### PARTIES

3.      Plaintiff is a non-profit, educational foundation organized under the laws of the

District of Columbia and having its principal place of business at 425 Third Street, S.W., Suite

800, Washington, DC  20024.  Plaintiff seeks to promote integrity, transparency, and

accountability in government and fidelity to the rule of law.  In furtherance of its public interest

mission, Plaintiff regularly requests access to the public records of federal, state, and local

government agencies, entities, and offices, and disseminates its findings to the public.

4.      Defendant is an agency of the United States Government and is headquartered at

950 Pennsylvania Ave, N.W., Washington, DC  20530-0001.  Defendant has possession,

custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5.      In August 2010, Plaintiff commenced an investigation into Defendant's practices

regarding the distribution of leftover settlement funds to "qualified organizations" not otherwise

connected with the settled litigation.  Plaintiff sought this information in furtherance of its

educational mission after learning of an apparently novel settlement arrangement used in two

recently settled cases brought by the Civil Rights Division of the Justice Department, *United

States v. AIG Federal Savings Bank and Wilmington Finance*, and *United States v. Sterling.*

Byron York, "Justice Department steers money to favored groups," *The Washington Examiner*,

August 5, 2010.  According to Mr. York's report, in the past, when the Civil Rights Division

filed discrimination lawsuits against banks or landlords, such cases often resulted in a settlement

whereby the defendant put aside a sum of money to compensate the particular victims of the

alleged discrimination.  In these two recently settled cases, however, the defendants agreed not

only to put aside money for the victims of the alleged discrimination, but also to provide money

to "qualified organizations" approved by the Justice Department which are not connected to these

lawsuits nor alleged to be victims of discrimination by the defendants.

6.      On August 6, 2010, Plaintiff sent a FOIA request to Defendant seeking access to

the following:

A.      All records concerning the use and distribution of restitution funds paid by American International Group (AIG) in *United States v. AIG Federal Savings Bank and Wilmington Finance*.

B.      All records concerning the distribution of leftover restitution funds to organizations approved by the Department of Justice.

C.      All records concerning the Department of Justice's criteria in choosing and/or approving organizations receiving leftover restitution funds.

The time frame for this request is from March 2010 to the present.

7.      On August 31, 2010, Plaintiff sent another FOIA request to Defendant seeking access to the following:

A.      Records concerning, regarding, or relating to the case of *United States v. AIG Federal Savings Bank and Wilmington Finance* other than pleadings, including:

a.      The March 19, 2010 consent decree settling the case.

b.      Any and all records describing, naming, or mentioning the "qualified organizations" that will provide credit counseling, financial literacy, and other related educational programs and which will receive unspent money from the settlement as described in the March 19 consent decree.

c.      Records of funds received by organizations in accordance with the March 19 consent decree.

B.      Records concerning, regarding, or relating to the case of *United States v. Sterling* other than pleadings, including:

a.      The November 3, 2009 consent decree settling the case.

b.      Any and all documents describing, naming, or mentioning the "qualified organizations" which will receive unspent money from the settlement as described in the November 3 consent decree.

c.      Records of funds received by organizations in accordance with the November 3 consent decree.

C.      Records describing, identifying or developing guidelines regarding "qualified organizations" which may receive unspent money from any settlement fund to compensate discrimination claims.

D.      Any and all records concerning policies and/or a change in policy regarding the distribution of settlement money obtained in discrimination claims to organizations or persons other than money given to individuals in order to compensate directly for harms suffered from discrimination.

E.      Records submitted to the Department of Justice by "qualified organizations" which will receive or have applied to receive money out of any settlement funds for discrimination claims, including but not limited to records describing the purpose for which the organization has used or will use such money.

F.      Records regarding any plans for the Department of Justice to monitor uses of money received out of any settlement funds for discrimination claims by "qualified organizations" which will receive or have received money out of any settlement funds for discrimination claims.

G.      Any and all communications, contacts, or correspondence between the Civil Rights Division of the Department of Justice and the Southern California Housing Rights Center.

The time frame for this request is January 20, 2009 to the present.

8.      By letter dated August 20, 2010, Defendant acknowledged receipt of Plaintiff's

August 6, 2010 FOIA request.

-4-

9.      By letter dated September 7, 2010, Defendant acknowledged receipt of Plaintiff's August 31, 2010 FOIA request.

10.     Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), Defendant was required to respond to Plaintiff's August 6, 2010 FOIA request within twenty (20) working days of receipt of the request, or by September 14, 2010.  Similarly, Defendant was required to respond to Plaintiff's August 31, 2010 FOIA request by October 5, 2010.

11.     As of the date of this Complaint, Defendant has failed to produce any records responsive to either FOIA request or demonstrate that responsive records are exempt from production.  Nor has Defendant indicated whether or when any responsive records will be produced.  In short, Defendant has failed to respond to Plaintiff's FOIA requests in any manner.

12.     Because Defendant failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A), Plaintiff is deemed to have exhausted any and all administrative remedies with respect to its August 6, 2010 and August 31, 2010 FOIA requests pursuant to 5 U.S.C. § 552(a)(6)(c).

## COUNT 1
### (Violation of FOIA, 5 U.S.C. § 552)

13.     Plaintiff realleges paragraphs 1 through 12 as if fully stated herein.

14.     Defendant is unlawfully withholding records requested by Plaintiff pursuant to 5 U.S.C. § 552.

15.     Plaintiff is being irreparably harmed by reason of Defendant's unlawful withholding of the requested records, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of the law.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's August 6, 2010 and August 31, 2010 FOIA requests and a *Vaughn* index of any responsive records withheld under claim of exemption; (2) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's August 6, 2010 and August 31, 2010 FOIA requests; (3) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (4) grant Plaintiff such other relief as the Court deems just and proper.

Dated: October 21, 2010

Respectfully submitted,

JUDICIAL WATCH, INC.

Paul J. Orfanedes
D.C. Bar No. 429716
425 Third Street, S.W., Suite 800
Washington, DC 20024
(202) 646-5172

*Attorney for Plaintiff*